## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TREE ISLAND INDUSTRIES LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 25-00019 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, TREE ISLAND INDUSTRIES LTD. ("TREE ISLAND"), by and through its attorneys, Sandler, Travis & Rosenberg, P.A., alleges as follows:

## PARTIES

1.     TREE ISLAND is a corporation organized and existing under the laws of British Columbia (B.C.) and is a subsidiary of Tree Island Steel Ltd., which is a corporation organized and existing under the federal laws of Canada and is publicly traded on the Toronto Stock Exchange under the symbol "TSL".

2.     TREE ISLAND is the operating company for Tree Island Steel Ltd.'s B.C. and Alberta facilities and manufactures steel wire and wire products which it sells to the United States, Canada and throughout the world.

3.     TREE ISLAND's wholly-owned subsidiaries, Tree Island Wire Holdings (USA), Inc. and Tree Island Wire (USA) Inc. also manufacture wire and wire products in its San Bernardino, California facility.

4.     TREE ISLAND was the Importer of Record for all of the entries subject to this action.

5.    The defendant in this case is the United States, through U.S. Customs and Border Protection (CBP or Customs).  CBP is responsible for classifying merchandise imported into the United States under the Harmonized Tariff Schedule of the United States (HTSUS) and collecting duties on merchandise.

## NATURE OF THE ACTION

6.    This action arises under 19 U.S.C. § 1514(a)(2), as amended, to contest CBP's classification and the rate and amount of duties chargeable upon liquidation of certain steel wire as further described herein.  TREE ISLAND seeks a refund of all duties unlawfully assessed and paid by TREE ISLAND, plus interest as provided by law.

7.    The claimed and assessed tariff provisions of the Harmonized Tariff Schedule of the United States (HTSUS) provide as follows:

Claimed:    HTSUS heading 7217.20 "Wire of iron or nonalloy steel, plated or coated with zinc"…………………………………………………………Free

Assessed:    HTSUS heading 7217.20 "Wire of iron or nonalloy steel, plated or coated with zinc"………………………………………………………….Free

HTSUS heading 7217.10 "Wire of iron or nonalloy steel: not plated or coated, whether or not polished…………………………………………Free

HTSUS subheading 9903.80.01 "Products of iron or steel provided for in the tariff headings or subheadings enumerated in note 16 to this subchapter, except products of Australia, of Argentina, of South Korea, of Brazil, of Turkey, or any exclusions that may be determined and announced by the Department of Commerce" (hereinafter "Section 232 tariffs")…………………………………25%

HTSUS subheading 9903.88.15 "Except as provided in headings 9903.88.39, 9903.88.42, 9903.88.44, 9903.88.47, 9903.88.49, 9903.88.51, 9903.88.53, 9903.88.55, 9903.88.57 or 9903.88.65, articles the product of China, as provided for in U.S. note 20(r) to this subchapter and as provided for in the subheadings enumerated in U.S. note 20(s)(hereinafter "Section 301 tariffs")............................The duty provided in the applicable subheading + 7.5%

## JURISDICTION AND STANDING

8.     Protest No. 360422100481, challenging the liquidations or reliquidations of the four entries on Attached **Exhibit A**, was timely filed on July 18, 2022, and denied on October 22, 2024. Protest No. 340322100552, challenging the liquidations or reliquidations of the 98 entries on Attached **Exhibits B, C** and **D** was timely filed on August 2, 2022, and denied on October 22, 2024 (hereinafter "subject entries").

9.     This Court possesses exclusive jurisdiction over this action under 28 U.S.C. § 1581(a) as amended, because the action was commenced to contest the denial of a protest under 19 U.S.C. § 1514.

10.     In accordance with 28 U.S.C. § 2636(a), this action was timely commenced within 180 days after plaintiffs' protests were denied.

11.     TREE ISLAND has standing to bring this action pursuant to 28 U.S.C. § 2631(a) because its summons was filed under 19 U.S.C. § 1514 to contest the denial of its protests against liquidations of the entries identified in the summons, which are the subject of this action.

12.     All liquidated duties, taxes, and fees were paid prior to commencement of this action.

## BACKGROUND

13.     TREE ISLAND is the operating company for Tree Island Steel Ltd.'s B.C and Alberta facilities.

14.     TREE ISLAND manufactures and sells a variety of steel wire products including industrial wire, nails, stucco reinforcement, agricultural products and welded wire reinforcement.

15.     TREE ISLAND manufactures its products in mills in Richmond, British Columbia, Calgary, Alberta and San Bernardino, California.   In addition to selling to customers in the United States and Canada, TREE ISLAND also sells its products to customers throughout the world.

16.    TREE ISLAND manufactures, imports, and sells annealed and galvanized wire, galvanized wire, and wire that is neither annealed or galvanized (hereinafter "bright wire") to its U.S. customers for further manufacture into products such as nails, upholstery springs, fencing, concrete and stucco reinforcement.

## STATUTORY FRAMEWORK

17.    Section 232 and Section 301 tariffs are known as "trade remedy" tariffs.

18.     Section 232 tariffs apply to certain articles of steel and aluminum from all countries with certain exceptions.  Products of Canada and Mexico were eliminated from Section 232 tariffs for entries made as of May 20, 2019 per Presidential Proclamation 9894 of May 19, 2019, 84 *Fed. Reg.* 100 at 23987 dated May 23, 2019.

19.    Section 301 tariffs apply to certain products of China.

20.    For purposes of the "trade remedy tariffs" referenced in Paragraph 17 above, the country of origin of the imported article is determined by where the article last underwent a "substantial transformation."

21.    For purposes of the "trade remedy tariffs" referenced in Paragraph 17 above, absent a substantial transformation, the country of origin of finished steel wire products is determined by the country of origin of the wire rod from which the wire is made.

## MERCHANDISE AT ISSUE

22.    The merchandise at issue includes annealed and galvanized wire, galvanized wire and bright wire (collectively steel wire) which was manufactured in TREE ISLAND's mill in Richmond, British Columbia, Canada.

23.    The steel wire was made in Canada by TREE ISLAND from steel wire rod imported from various countries including the United States, Mexico, China, Vietnam, United Arab Emirates and Malaysia.

24.    All 4 entries on attached **Exhibit A** consisted of annealed and galvanized wire manufactured in Canada from imported wire rod and classified on entry under HTSUS heading 7217.20 "Wire of iron or nonalloy steel, plated or coated with zinc" assessed with Section 232 tariffs on liquidation.

25.    The 84 entries on attached **Exhibit B** consisted of annealed and galvanized wire manufactured in Canada from imported wire rod and classified on entry and liquidated under HTSUS heading 7217.20 as "Wire of iron or nonalloy steel, plated or coated with zinc" and assessed with both Section 232 and Section 301 tariffs on liquidation.

26.    The eleven entries of galvanized wire in the entries listed on attached **Exhibit C** were made in Canada from wire rod of United States and Mexican origin that was subject to a galvanizing process without being annealed. The entries listed on attached **Exhibit C** were classified on liquidation under HTSUS heading 7217.20 and assessed with both Section 232 and 301 tariffs.

27.    The Bright Wire on the three entries listed on attached **Exhibit D** were made in Canada from wire rod of Mexican and Vietnamese origin. These three entries were classified on entry and liquidated under HTSUS heading 7217.10 "Wire of iron or nonalloy steel: not plated or coated, whether or not polished" and assessed with both Section 232 and Section 301 tariffs on liquidation.

## CAUSES OF ACTION

### COUNT I

**WIRE ROD MANUFACTURED INTO FINISHED WIRE TRHOUGH DRAWING, ANNEALING AND HOT-DIP GALVANIZING IN CANADA RENDERS THE FINISHED WIRE A PRODUCT OF CANADA AND NOT SUBJECT TO SECTION 232 AND 301 TARIFFS**

28.     Plaintiff hereby incorporates and alleges paragraphs 1 through 27 as if fully set forth herein.

29.     In the case of *Ferrostal Metals Corp. v. United States,* 664 F. Supp. 535, 11 C.I.T. 470 (Ct. Int'l Trade 1987*)* the United States Court of International Trade (USCIT) established the principle that steel products produced in one country that are then subjected to the processes of annealing and hot-dip galvanizing in a second country are considered to be substantially transformed into a product of the second country.

30.     In *Ferrostal Metals* the USCIT held that cold-rolled steel sheet from Japan had been "substantially transformed" in New Zealand by the process of "continuous hot-dip galvanizing" where both annealing and hot-dip galvanizing were performed.

31.     The *Ferrostal Metals* Court explained how the processes of annealing and hot-dipped galvanizing performed on Japanese steel sheet in New Zealand changed the "name, character and use" into a product of New Zealand based on long established principles governing the "substantial transformation" test, citing *Anheuser-Busch Brewing Ass'n v. United States,* 207 U.S. 556, 562, 28 S.Ct. 204, 206, 52 L.Ed. 336 (1908). The Court stated: "[t]he criteria of name, character and use continue to determine when substantial transformation has occurred, and the prior cases of this court and our predecessor and appellate courts provide guidance in the application of this test."

32.    The manufacturing process for the steel wire imported under the cover of the entries on attached **Exhibits A** and **B** begins with the procurement of hot-rolled carbon steel wire rod in coil (HTS heading 7213) meeting ASTM grade A510. The country of melt and pour of this steel wire rod is indicated in the steel license accompanying the entry documents.  The transformation of steel wire rod into cold-drawn, annealed and galvanized wire involves multiple stages, each affecting significant physical and chemical changes that alter the material's properties.

33.    The entries of steel wire on attached **Exhibits A** and **B** were subjected to the below described processes in Canada:

i.    The wire rod is first cleaned.  The cleaning process prepares the rod for further processing and ensures a smooth wire surface, crucial for quality in subsequent cold drawing and galvanizing steps. In TREE ISLAND's process for cold-drawn, annealed, and hot-dipped galvanized wire, the rod is dipped in warm hydrochloric acid tanks for 10 to 15 minutes to remove the surface scale. After rinsing with water, the rod then proceeds to a borax tank. The borax neutralizes any remaining acid and forms a lubricating coating layer on the rod, essential for the subsequent wire drawing process.

ii.    The rod is then subjected to cold drawing, a mechanical deformation process in which it is pulled through a series of progressively smaller dies, reducing the diameter and elongating the rod into wire (dimensional change). To put it into perspective, a one-foot-long rod with a diameter of 0.281" transforms into 6.77 feet of wire with a diameter of 0.108". The microstructure of the steel changes from equiaxed grains to elongated unidirectional grains as a result of this cold-drawing process.

iii.    The drawn wire then undergoes lead annealing at controlled temperatures, typically at $\sim$ 1300°F, by dipping it into molten lead. In the Tree Island lead annealing process, the objective is to get complete recrystallization. In the recrystallization process new grains form without any dislocations, replacing the deformed grain structure and reducing internal stresses further. This relieves internal stresses induced by drawing and restores ductility. This step is essential for maintaining quality and preventing brittleness during further processing.

iv.    The annealed wire then undergoes the hot-dip galvanizing process which itself is a multi-step process.  First, grease, soap, and remaining scales on the wire's surface come off as the wire travels through the acid

tank and is then rinsed in water. Next the wire is prepped for hot-dipped zinc galvanizing by applying a flux coating. The flux solution, typically a mixture of zinc ammonium chloride, is applied to the wire to enhance the adhesion of the zinc coating and remove any residual oxides. This layer helps prevent oxidation before galvanizing and promotes a uniform bond between the steel and zinc during immersion. The flux-coated wire is then dried to prepare it for the galvanizing bath. Flux treatment is irreversible and permanently changes the wire surface's chemical composition. Next, the wire is dipped into molten zinc, at approximately 850°F, initiating an alloying reaction at the steel surface. This reaction forms iron-zinc alloys at the interface, creating a solid metallurgical bond that is highly resistant to environmental degradation. The resulting galvanized coating is irreversible and serves as a physical and electrochemical barrier against corrosion, ensuring durability in outdoor applications.

v.  The finished wire then may undergo waxing and is then packaged for shipment.

34.    The processes described in Paragraph 33 above changed the name, character and use of wire rod into the annealed and galvanized wire on entries listed in **Exhibits A and B,** thereby effecting a substantial transformation and rendering the finished annealed and galvanized wire products of Canada.

35.    Because they are products of Canada, Section 232 and Section 301 tariffs paid on the entries listed in **Exhibits A and B** should be refunded to plaintiff with interest.

### COUNT II

**GALVANIZED WIRE MANUFACTURED IN CANADA FROM WIRE ROD OF UNITED STATES OR MEXICAN ORIGIN IS NOT SUBJECT TO SECTION 232 AND 301 TARIFFS**

36.    Plaintiff hereby incorporates and alleges paragraphs 1 through 35 as if fully set forth herein.

37.    The galvanized wire on entries listed on attached **Exhibit C** was made in Canada from wire rod of United States and Mexican origin.

38.    Because the wire in these entries was made from wire rod of United States or Mexico origin it is not subject to Section 232 or Section 301 tariffs.  Therefore, such tariffs paid on all entries on attached **Exhibit C** should be refunded to plaintiff with interest.

## COUNT III

**BRIGHT WIRE MANUFACTURED IN CANADA FROM WIRE ROD OF MEXICAN ORIGIN IS NOT SUBJECT TO SECTION 232 OR SECTION 301 TARIFFS; BRIGHT WIRE MANUFACTURED IN CANADA FROM WIRE ROD OF VIETNAMESE ORIGIN IS NOT SUBJECT TO SECTION 301 TARIFFS**

39.    Plaintiff hereby incorporates and alleges paragraphs 1 through 38 as if fully set forth herein.

40.    Entry No. SCS59656654 on attached **Exhibit D** consists of bright wire made from wire rod of Mexican origin and cold drawn into wire in Canada. Because of the origin of the wire rod, the country of origin of Entry No. SCS59656654 is Mexico and not subject to Section 232 or Section 301 tariffs as liquidated. Such tariffs paid by plaintiff should be refunded with interest.

41.    Entry Nos. SCS59121352 and SCS57959100 on attached **Exhibit D** consist of bright wire made from wire rod of Vietnamese origin and cold drawn into wire in Canada. Because of the origin of the wire rod, the country of origin of Entry Nos. SCS59121352 and SCS57959100 is Vietnam and not subject to Section 301 tariffs as liquidated. Such tariffs paid by plaintiff should be refunded with interest.

42.    Accordingly, TREE ISLAND is entitled to a refund of all unlawful duties paid on all entries on attached **Exhibit D** should be refunded to plaintiff with interest.

## REQUEST FOR JUDGMENT AND RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment overruling the denial of Plaintiff's protests and ordering Customs to reliquidate the subject entries at the rate, value and amount of duty asserted by the importer of record in its protests with a refund of duties, plus interest as appropriate.  Plaintiff also requests such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

**SANDLER, TRAVIS & ROSENBERG, P.A.**
*Attorneys for Plaintiff*
675 Third Avenue, Suite 2425
New York, New York 10017
Telephone: (212) 549-0133

By:    /s/ Jason M. Kenner
        JASON M. KENNER
        BETH C. RING

Dated: January 15, 2025
      New York, New York

# EXHIBIT A

EXHIBIT A

| |
|---|
| SCS61227270 |
| SCS62374949 |
| SCS64209044 |
| SCS84872631 |

# EXHIBIT B

EXHIBIT B

| |
|---|
| SCS57243802 |
| SCS58228398 |
| SCS58660814 |
| SCS58911175 |
| SCS58917974 |
| SCS58976731 |
| SCS58983000 |
| SCS59124372 |
| SCS59124380 |
| SCS59126302 |
| SCS59126310 |
| SCS59126708 |
| SCS59126922 |
| SCS59131971 |
| SCS59132763 |
| SCS59140717 |
| SCS59141558 |
| SCS59142705 |
| SCS59167652 |
| SCS59170920 |
| SCS59173213 |
| SCS59177040 |
| SCS59360216 |
| SCS59365553 |
| SCS59376063 |
| SCS59394793 |
| SCS59409518 |
| SCS59411951 |
| SCS59412934 |
| SCS59415697 |
| SCS59577231 |
| SCS59581019 |
| SCS59582082 |
| SCS59584914 |
| SCS59585663 |
| SCS59612095 |
| SCS59627986 |
| SCS59642241 |
| SCS59793200 |
| SCS59822835 |
| SCS59829939 |
| SCS59852642 |
| SCS59868325 |
| SCS59857005 |
| SCS60259118 |
| SCS60259209 |
| SCS60260272 |

EXHIBIT B

| |
|---|
| SCS60266667 |
| SCS60266923 |
| SCS60267269 |
| SCS60336262 |
| SCS60344910 |
| SCS60476209 |
| SCS60481597 |
| SCS60501279 |
| SCS60503853 |
| SCS60504042 |
| SCS60504224 |
| SCS60517804 |
| SCS60520584 |
| SCS60520758 |
| SCS60524313 |
| SCS60525633 |
| SCS60526359 |
| SCS60549732 |
| SCS60553049 |
| SCS60553726 |
| SCS60555176 |
| SCS60556406 |
| SCS60563667 |
| SCS60722685 |
| SCS60723360 |
| SCS60734607 |
| SCS60738855 |
| SCS60740323 |
| SCS60969393 |
| SCS60970078 |
| SCS60970466 |
| SCS60992064 |
| SCS61021913 |
| SCS61021970 |
| SCS61403004 |
| SCS61458610 |
| SCS61459584 |

# EXHIBIT C

EXHIBIT C

| |
|---|
| SCS57477376 |
| SCS59401374 |
| SCS59626566 |
| SCS60290774 |
| SCS60294677 |
| SCS60565001 |
| SCS58000771 |
| SCS59126294 |
| SCS59585515 |
| SCS59794273 |
| SCS60934496 |

# EXHIBIT D

EXHIBIT D

| |
|---|
| SCS57959100 |
| SCS59121352 |
| SCS59656654 |